Filed 8/5/21  P. v. Edinbyrd CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT GENE EDINBYRD,<br><br>    Defendant and Appellant. | D078743<br><br><br>(Super. Ct. No. RIF1311514) |

APPEAL from a judgment of the Superior Court of Riverside County, Charles J. Koosed, Judge.  Affirmed.

Robert Gene Edinbyrd, in pro. per.; and David P. Lampkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2015, a jury convicted Robert Gene Edinbyrd of three counts of premeditated attempted murder (Pen. Code,[1] §§ 187, subd. (a) and 664).  The jury also found true a gang enhancement (§ 186.22, subd. (b)) and a firearm enhancement (§ 12022.53, subds. (c), (d)).  Edinbyrd, who was 16 years old at

---

[1]    All further statutory references are to the Penal Code.

the time of the offense, was sentenced to an indeterminate term of 95 years to life in prison.

Edinbyrd appealed, and this court issued a conditional reversal of the convictions, pending remand for three purposes. First, the case was remanded to permit Edinbyrd to pursue a transfer to juvenile court in light of the passage of Proposition 57, the Public Safety and Rehabilitation Act of 2016, while his case was pending appeal. Second, remand was necessary for Edinbyrd to have a "*Franklin*"[2] hearing if the case was not transferred to juvenile court. Third, it was remanded to permit Edinbyrd the opportunity to file a motion to strike the firearm enhancements. Depending on the outcome, the trial court would be required to amend the abstract of judgment. (*People v. Walker et al.* (Aug. 31, 2018, D073712) [nonpub. opn.].)

On remand the juvenile court determined Edinbyrd was not fit for juvenile court and returned the case to the criminal court. The trial court denied the defense motion to strike the firearm enhancements and reinstated the original judgment Edinbyrd did not file a notice of appeal from the reinstated judgment. He did send a letter to the court indicating he wished to appeal, but the court did not act upon the letter, which was not reviewed due to the COVID-19 shutdown.

In February 2021, the court conducted a *Franklin* hearing.

There were further communications from Edinbyrd to the trial court about his desire to appeal the judgment. The material was sent to defense counsel. The record does not contain any efforts by counsel to file a late notice of appeal from the reinstated judgment. A notice of appeal from the *Franklin* hearing was timely filed.

---

[2]     *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Edinbyrd the opportunity to file his own brief on appeal. Edinbyrd has responded by filing a supplemental brief. We will discuss his submission below.

## STATEMENT OF FACTS

The facts of the offenses are fully set forth in our prior opinion. Given the proceedings which are the subject of this appeal, we will not repeat the facts here.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1. Did the court err at the September 25, 2020 hearing when the court declined to exercise its discretion to strike the firearm enhancements and failed to advise Edinbyrd of his appellate rights?[3]

2. Should the trial court have taken action on Edinbyrd's letter regarding his desire to appeal?

---

[3] This appeal is from the February 2021 *Franklin* hearing. No efforts were made by the defense in the trial court to remedy the failure to appeal from the September 2020 hearings. There is no record on which we can act regarding the resentencing or the failure to seek relief from the failure to file a timely notice of appeal. The appropriate remedy, if any, is a petition for habeas corpus. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264.)

3

3. Did defense counsel provide ineffective assistance of counsel when he failed to file a timely notice of appeal from the September hearings?

4. Did the trial court abuse its discretion in refusing to strike the firearm enhancements?

5. Did defense counsel provide ineffective assistance of counsel at the *Franklin* hearing?

Edinbyrd filed a supplemental brief. The primary subject of the brief is a discussion of the fact that he was a child at the time of the offense. He discusses his difficult childhood and the circumstances of his youth that led to his current situation. He asks this court for some form of help, although it is unclear what the court could do to help him. Edinbyrd complains about the admission of his statements at trial and his failure to understand his *Miranda*[4] rights. He also complains that current appellate counsel has not challenged the trial court's admission of his statements at trial. He does not address the fact that this appeal is from postjudgment orders and not an at-large review of the history of his case. Edinbyrd's supplemental brief does not raise any arguable issues for reversal in this appeal.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal based on the record before us. Competent counsel has represented Edinbyrd on this appeal.

---

[4] *Miranda v. Arizona* (1966) 384 U.S. 436.

## DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


DATO, J.